UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

DAN MARTIN THOMAS,

        Plaintiff,

    v.                                      3:11-cv-1560 -ST

STATE OF OREGON, *et al.*,             FINDINGS AND
                                                   RECOMMENDATION

        Defendants.

STEWART, Magistrate Judge:

## **INTRODUCTION**

Plaintiff, Dan Martin Thomas ("Thomas"), filed this action on December 30, 2011, against the State of Oregon, the Multnomah County Circuit Courts, the Multnomah County District Attorney's Office, the Multnomah County Jail, the City of Portland, the Portland Police Department, Multnomah County Deputy District Attorney Robert J. Leineweber ("Leineweber"), and two employees of the Portland Police Department, Officer Brendan P. McGuire ("McGuire"), and Detective C. M. Waddell ("Waddell").

On January 18, 2012, this court granted Thomas's Motion for Leave to Proceed *in Forma Pauperis*, but ordered that no defendant be served with summons and complaint until this court completed a review of the Complaint for jurisdiction and authorized service (docket #6).  Having

1 - FINDINGS AND RECOMMENDATION

completed that review, this court recommends *sua sponte* dismissal of Thomas's claims against defendants: (1) the State of Oregon, the Multnomah County Circuit Courts, the Multnomah County District Attorney's Office, the Multnomah County Jail, the Portland Police Department, and Leineweber with prejudice; and (2) the City of Portland, McGuire and Waddell without prejudice and with leave to amend.

## ALLEGATIONS OF THE COMPLAINT

Thomas alleges claims for: (1) "false imprisonment" (Claim I); (2) violation of his *Miranda*[1] rights (Claim II); (3) forgery or "conversion" of his signature (Claims III and IV[2]); (4) an indictment based on an unsigned information (Claim V); (5) malicious prosecution ("false representation from prosecution") (Claim VI); and (6) violation of his right to a speedy trial (Claim VII for "180 days jail stay"). Complaint, pp. 3-5. In support of those claims, Thomas contends that he was arrested without probable cause and falsely charged with kidnap, rape, and sex abuse in February 2008. *Id*, p. 3. After his arrest, he contends that he was interrogated and jailed without ever signing a Waiver of Probable Cause Hearing Before a Judge form, and that such a form was later forged with his signature. He also asserts that the information form on which the charges against him were based was not signed by a deputy district attorney and that the charges were based on no evidence and false testimony. *Id*, pp. 3-4. Finally, he asserts that he was unlawfully held in the Multnomah County Jail for more than 180 days, after which the charges against him were dismissed and he was released. *Id*, p. 4.

---

[1]  *Miranda v. Arizona*, 384 US 436, 444-45 (1966).

[2]  Although styled as two separate claims, Claims III and IV both allege that Thomas's signature was forged on a Waiver of Probable Cause Hearing Before a Judge form.

2 - FINDINGS AND RECOMMENDATION

**FINDINGS**

Broadly construed, Thomas alleges a host of civil rights and tort claims premised upon his arrest and prosecution allegedly based on less than probable cause. However, whatever the merits of his contention as to the lack of probable cause, it is clear that many of his claims are subject to dismissal for reasons that cannot be cured by amendment.

**I. Dismissal of Particular Defendants With Prejudice**

    **A. State of Oregon**

Thomas names the State of Oregon as a defendant. However, the Eleventh Amendment of the United States Constitution prohibits suits against a state and its agencies and departments for legal or equitable relief in federal court. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 US 89, 100 (1984); *Yakama Indian Nation v. State of Wash. Dept. of Rev.*, 176 F3d 1241, 1245 (9th Cir 1999). There are two exceptions to the Eleventh Amendment jurisdictional bar: (1) Congress can abrogate the Eleventh Amendment without the consent of the states in certain situations; and (2) a state may waive its immunity by consenting to suit in federal court but must do so by "the most express language or by such overwhelming implication from the text as [will] leave no room for any other reasonable construction." *Micomonaco v. State of Wash.*, 45 F3d 316, 319 (9th Cir 1995). A statute consenting to suit in state court does not constitute consent to suit in federal court. *Fordyce v. City of Seattle*, 55 F3d 436, 441 (9th Cir 1995). The State of Oregon has not consented to be sued in federal court or otherwise waived its immunity. *Delong Corp v. Or. State Hwy. Comm.*, 343 F2d 911, 912 (9th Cir), *cert denied*, 382 US 877 (1965). Accordingly, Thomas cannot sue the State of Oregon or any of its agencies or departments in this court. No amendment will cure this flaw. Therefore, all claims against the State of Oregon should be dismissed with prejudice.

### B. Multnomah County Circuit Courts

Next, Thomas names as a defendant the "Multnomah County Circuit Courts [*sic*]." The documents attached to the pleadings indicate that the charges against Thomas were prosecuted in that forum. The circuit courts of the State of Oregon are state entities. *Dauven v. U.S. Bank Nat'l Ass'n*, 2011 WL 1990549 at *2 (D Or May 20, 2011), citing *Sobotta v. State of Or.*, 2007 WL 2984039 at *2 (D Or Oct. 10, 2007) (allegations pertaining to the circuit court failed to state a claim because of Eleventh Amendment immunity). Accordingly, a suit against the Multnomah County Circuit Court is a suit against the State of Oregon and barred by the Eleventh Amendment. *See Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F2d 1103, 1110 (9th Cir 1987) (claims against Superior Court and its employees barred by the Eleventh Amendment). Thus, all claims against Multnomah County Circuit Court should likewise be dismissed with prejudice.

Thomas does not name any particular judge as a defendant, nor can he. Judicial officers enjoy absolute immunity from suits for damages arising out of judicial acts performed in their judicial capacity. *Mireless v. Waco*, 502 US 9, 11 (1991).

### C. Multnomah County District Attorney's Office and Leineweber

Thomas also alleges claims against both the Multnomah County District Attorney's Office and against Deputy District Attorney Leineweber. The thrust of these claims is that Leineweber failed to sign the information presented to the grand jury and that he and the District Attorney's Office moved forward on the charges against Thomas without sufficient evidence to support those charges. Under Oregon law, district attorneys are legal officers of the state. Oregon Constitution, Art. VII, § 17; ORS 8.660; *State v. Clark*, 291 Or 231, 245, 630 P2d 810, 819, *cert denied*, 454 US 1084 (1981); *State v. Coleman*, 131 Or App 386, 390, 886 P2d 28, 30,

*rev denied*, 320 Or 588, 890 P2d 994 (1995). State prosecutors are entitled to absolute prosecutorial immunity for acts taken in their official capacity in "initiating a prosecution and presenting the State's case." *Miller v. Gammie*, 335 F3d 889, 896 (9th Cir 2003), quoting *Imbler v. Pachtman*, 424 US 409, 427, 431 (1976). The claims against Leineweber fail because each of the allegations against him are premised upon his role in prosecuting the charges against Thomas. Similarly, the claims against the Multnomah County District Attorney's Office fail because that office represents the State of Oregon, not any individual county. As such, the District Attorney's Office enjoys the same sovereign immunity as does the State of Oregon. Accordingly, all claims against the Multnomah County District Attorney's Office and Deputy District Attorney Leineweber should be dismissed with prejudice.[3]

### D. Multnomah County Jail

Thomas also alleges claims against the "Multnomah County Jail." Thomas was apparently held in custody at Multnomah County Inverness Jail from the time of his arrest until the date of his release some seven and a half months later. *See* Multnomah County Case Register (attached to Complaint), pp. 2-7. The Multnomah County Inverness Jail is a correctional facility belonging to and operated by Multnomah County, not a legal entity which may be separately sued under § 1983. *See* http://web.multco.us/board/documents/adopting-official-name-multnomah-county-inverness-jail (Multnomah County Board of County Commissioners Resolution #88-31, naming correctional facility, last accessed 1/23/2012). To the extent Thomas has claims involving his custody in Multnomah County Inverness Jail, those claims are properly directed at the individual(s) or entite(s) responsible for his allegedly false imprisonment, not at

---

[3] "Prosecutorial immunity only protects defendants from § 1983 damage claims; it does not protect them from suits for injunctive relief." *Gobel v. Maricopa County*, 867 F2d 1201, 1203 (9th Cir 1989). Thomas alleges claims for damages.

5 - FINDINGS AND RECOMMENDATION

the building in which he was held. Thus, all claims against the Multnomah County Jail should be dismissed with prejudice.

### E. Portland Police Bureau

In addition, Thomas alleges claims against the Portland Police Bureau. The Portland Police Bureau, like the "Multnomah County Jail," is not a separate legal entity that may be sued under § 1983, but instead is one of several City of Portland bureaus. *See United States v. Kama*, 394 F2d1236, 1239-40 (9th Cir 2005) ("municipal police departments and bureaus are generally not considered 'persons' within the meaning of 42 U.S.C. § 1983"). Accordingly, all claims against the Portland Police Bureau should be dismissed with prejudice.

## II. Statute of Limitations and Oregon Tort Claims Act

The remaining defendants, namely the City of Portland and its employees, McGuire and Waddell, are named only in Claims I, II, and IV. Broadly construed, these claims allege that these defendants violated Thomas's constitutional rights by arresting him without probable cause (Claim I), denying him an opportunity for a probable cause hearing by forging his name on a form waiving his right to a probable cause hearing (Claims II and IV), and denying him a speedy trial (Claim I). In particular, Thomas alleges that these defendants violated his rights under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments. Complaint, p. 3, ¶ II.B.

Thomas raises troubling allegations of imprisonment premised upon criminal charges wholly unsupported by evidence and later dismissed. If diligently pursued, such allegations have the potential to support constitutional claims under 42 USC § 1983 or state tort claims. Nevertheless, Thomas's Complaint reveals two flaws potentially fatal to his ability to successfully pursue those claims.

First, to the extent his claims are brought under 42 USC § 1983 or are tort claims premised upon Oregon common law, Thomas confronts a two-year statute of limitations. "Section 1983 claims are characterized as personal injury suits for statute of limitations purposes. Oregon's statute of limitations for such suits is two years." *Douglas v. Noelle*, 567 F3d 1103, 1109 (9th Cir 2009), citing ORS 12.110 (additional internal citation omitted). Claims for false imprisonment also are expressly governed by a two-year statute of limitations. ORS 12.110(1).

Thomas alleges that he was arrested on February 17, 2008, and that the charges against him were dismissed on October 1, 2008. However, he did not file this case until January 13, 2012, well over two years after the dismissal of the charges against him. Oregon "does not allow tolling during periods of imprisonment." *Douglas*, 567 F3d at 1109, citing ORS 12.160. Absent some other basis for tolling the statute of limitations, it is difficult to see how any of his claims have been timely filed.

Second, to the extent Thomas's claims are construed as tort claims premised upon Oregon common law, they face the additional hurdle of compliance with the Oregon Tort Claims Act ("OTCA"), ORS 30.260 − 30.300.[4] The OTCA applies to claims against a public body's "officers, employees and agents acting within the scope of their employment or duties[.]" ORS 30.265(1). Under the OTCA, "[n]o action arising from any act or omission of a public body or an officer, employee or agent of a public body within the scope of ORS 30.260 to 30.300 shall be maintained unless notice of claim is given as required by this section." ORS 30.275(1). Thus, Thomas was required to have given notice of his tort claims within 180 days after the

---

[4] The OTCA does not apply to § 1983 claims. *Rogers v. Saylor*, 306 Or 267, 273, 760 P2d 232, 236 (1988); *see also Vineyard v. Soto*, 2011 WL 3705001 at * 4 (D Or July 21, 2011) (citing *Rogers*), *Findings and Recommendation* adopted 2011 WL 3704177 (D Or August 22, 2011).

7 - FINDINGS AND RECOMMENDATION

alleged loss or injury. ORS 30.275(2)(b). "The pleading and proof of notice sufficient to satisfy the requirements of ORS 30.275 are a mandatory requirement and a condition precedent to recovery under the [OTCA]." *Beaver v. Pelett*, 299 Or 664, 671, 705 P2d 1149, 1152 (1985) (*en banc*) quoting *Urban Renewal Agency of City of Coos Bay v. Lackey*, 275 Or 35, 40, 549 P2d 657, 660 (1976) (brackets omitted). A complaint that fails to allege that notice was given in accordance with the OTCA is subject to dismissal. *Brinkley v. Oregon Health Sciences Univ.*, 94 Or App 531, 537, 766 P2d 1045, 1049 (1988), *rev. denied*, 307 Or 571, 771 P2d 1021 (1989). Nothing in Thomas's Complaint indicates that he complied with the OTCA notice provision.

## RECOMMENDATION

For the above reasons, this court should *sua sponte* dismiss all claims against defendants:

1. State of Oregon, Multnomah County Circuit Courts, Multnomah County District Attorney's Office, Multnomah County Jail, Portland Police Department, and Deputy District Attorney Robert J. Leineweber with prejudice; and

2. City of Portland, Brendan P. McGuire and Detective Waddell without prejudice and with leave to amend to allege facts sufficient to toll the two-year statute of limitations and to show compliance with the OTCA notice provision.

Thomas should be given 30 days to file an amended complaint and also should be advised that failure to timely file an amended complaint will result in dismissal of this case without further notice.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due Thursday, February 16, 2012. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

## NOTICE

This Findings and Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of a judgment.

DATED January 30, 2012.

s/ *Janice M. Stewart*
Janice M. Stewart
United States Magistrate Judge

9 - FINDINGS AND RECOMMENDATION